IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RANDY LAFFERTY,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION |
| ) | |
| v. ) | No. 20-2485-KHV |
| ) | |
| **LIBERTY MUTUAL INSURANCE** ) | |
| **COMPANY and** ) | |
| **OHIO SECURITY INSURANCE COMPANY,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

On August 14, 2020, in the District Court of Bourbon County, Kansas, Randy Lafferty filed suit against Liberty Mutual Insurance Company ("Liberty") and Ohio Security Insurance Company ("OSIC") alleging breach of contract, violation of state statute and breach of fiduciary duties.  See Petition (Doc. #1-1).  On September 29, 2020, defendants filed a Notice Of Removal (Doc. #1) asserting diversity jurisdiction.  This matter is before the Court on plaintiff's Motion To Remand To State Court (Doc. #12) filed October 8, 2020.  For the reasons stated below, the Court overrules plaintiff's motion.

### **Factual Background**

Plaintiff's complaint alleges as follows:

On or about October 7, 2019, plaintiff sustained serious injuries in an automobile accident. At the time of the accident, Liberty insured the plaintiff with OSIC providing coverage.  Plaintiff does not further specify the relationship between defendants.  Under the policy, plaintiff was entitled to personal injury protection ("PIP") benefits composed of medical benefits up to $4,500 and lost wages up to $900 per month.  Despite plaintiff's insurance coverage, defendants did not

administer plaintiff's benefits under the policy.  Plaintiff alleges that defendants' failure constitutes a breach of contract, a violation of Kansas statute and a breach of fiduciary duties.

## Legal Standards

A district court has original jurisdiction over civil actions in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  In assessing the amount in controversy, a court will include attorney fees if they are allowable as part of recovery.  Lininger v. State Farm Fire & Cas. Co., 958 F. Supp. 519, 520 (D. Kan. 1997) (citing Bank IV Salina v. Aetna Cas. & Surety Co., 783 F. Supp. 1315, 1317 (D. Kan. 1992)).  A defendant may remove a civil action from state court if the plaintiff could have originally brought the action in federal court.  28 U.S.C. § 1441(a).  The Court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction.  See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)).  Accordingly, the Court must strictly construe the federal removal statute.  See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).

## Analysis

Defendants removed this action based on diversity jurisdiction.  Liberty is a resident of Massachusetts, its state of incorporation and principal place of business.  Notice Of Removal (Doc. #1), ¶ 17.  OSIC is a resident of Massachusetts, its principal place of business, and New Hampshire, where it is incorporated.  Id., ¶ 8.  Plaintiff is a citizen of Kansas.  Id., ¶ 6.  Plaintiff does not dispute complete diversity.  Thus, the only issue regarding diversity jurisdiction is the amount in controversy.

Plaintiff contends that the Court lacks diversity jurisdiction because the complaint does not meet the $75,000 threshold. Plaintiff's complaint, however, alleges damages in excess of $75,000. Petition (Doc. #1-1). Plaintiff argues that the maximum available damages under plaintiff's causes of action is $15,300.[1] Motion To Remand (Doc. #12), ¶ 7. Plaintiff argues that the only way for the amount in controversy to exceed $75,000 is if attorney fees make up the difference. Id., ¶ 8. Under Kansas statute, attorney fees are recoverable in an action for PIP benefits. See K.S.A. § 40-3111. "For the record" plaintiff represents that his counsel will not seek attorney's fees high enough to place the amount in controversy in excess of $75,000. Motion To Remand (Doc. #12), ¶ 8. Defendants argue that the amount in controversy must be derived from the face of the complaint and subsequent events or stipulations by plaintiff cannot divest the Court of jurisdiction. See Response (Doc. #15).

If removal was proper, plaintiff cannot divest the Court of jurisdiction by reducing the amount of damages sought. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) (voluntary reduction of amount demanded cannot defeat jurisdiction once removal proceedings perfected); Mahoney v. KC Waterpark Mgmt., LLC, No. 18-2585-JAR-JPO, 2019 WL 161502, at *5 (D. Kan. 2019) (same). The Court evaluates the propriety of removal from state court based on the complaint at the time of removal. Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488–89 (10th Cir. 1991). If a plaintiff's amendment could divest the Court of jurisdiction, then defendant's statutory right of removal would be subject to plaintiff's caprice. See St. Paul Mercury, 303 U.S. at 294. Plaintiff's assertion of damages in the complaint is

---

[1] Specifically, plaintiff states that the amount sought is $4,500 in medical benefits and $10,800 in lost wages, totaling $15,300. See Motion To Remand (Doc. #6) at ¶ 7.

deemed to be the amount in controversy, if that amount is asserted in good faith.  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 84 (2014).

Plaintiff argues that in Kansas state court it is standard practice to generically allege damages in excess of $75,000 when the amount in controversy is not a sum certain.  Motion To Remand (Doc. #12), ¶ 4.  Plaintiff's argument is unpersuasive.  In Kansas, a plaintiff may only generically assert damages exceeding $75,000 in lieu of a specific amount if he or she actually seeks damages exceeding $75,000.  See K.S.A. § 60-208(a)(2) ("Except in contract actions, every pleading demanding relief for money damages in excess of $75,000, without demanding a specific amount of money, must state only that the amount of damages is in excess of $75,000.").  If plaintiff seeks damages in an amount of $75,000 or less, plaintiff must specify the amount of damages sought.  See id. ("Every pleading demanding relief for money damages in an amount of $75,000 or less must specify the amount sought as damages.").  In his Petition plaintiff sought damages exceeding $75,000.  Petition (Doc. #1-1).  After removal, plaintiff cannot divest this Court of jurisdiction by now claiming less than $75,000 in damages.

**IT IS THERFORE ORDERED** that plaintiff's Motion To Remand To State Court (Doc. #12) filed October 8, 2020 is **OVERRULED.**

Dated this 16th day of November, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge